VIRGINIA:  IN THE CIRCUIT COURT OF BATH COUNTY

CRAIG ROBERTSON CONSTRUCTION, INC.,

        Plaintiff

v.                                 Case No. _____

ANDREW C. BRADLEY,

        Defendant

## AMENDED COMPLAINT

Comes now, Craig Robertson Construction, Inc., by counsel, and moves for judgment against Defendant, on grounds and in the amount set forth as follows:

(1) Plaintiff is a corporation organized and existing under the laws of the Commonwealth of Virginia having its principal place of business at 15001 Mountain Valley Road, Warm Springs, Virginia 24484.

(2) Defendant is an individual who owns property in Bath County, Virginia, called Victoria's Mountain Retreat.  Defendant acquired the property in Bath County, Virginia, in November 2017.

(3) Sometime after his purchase, Defendant obtained the services of Plaintiff to remodel and add to the residence situate on the property.  At all times, Defendant and Plaintiff worked on a labor plus the cost of material basis, meaning that Defendant was to compensate Plaintiff for the labor of its employees and reimburse the costs of the work.

(4) On or about the 10th day of January, 2019, to assist Defendant with obtaining additional financing for his reconstruction and additions to the residence, the parties entered into a "Memorandum of Understanding for Commencement of Construction at Residence Located at Victoria's Mountain Retreat, 100 Tower View Road, Hot Springs, Virginia", whereby Plaintiff agreed to perform certain labor and furnish materials in and about the construction of a residential building located in Hot Springs, Bath County, Virginia.  A copy of said Memorandum

is attached hereto and made a part hereof as Exhibit "A". Because Plaintiff had already commenced the work and because of its limited scope, the Memorandum was never intended to be a comprehensive contract for services, but was intended solely to assist Defendant in obtaining financing for the work.

(5) Plaintiff performed all work required under said "Memorandum" including extras requested by Defendant. The Covid-19 pandemic affected dramatically the ability to acquire materials and labor and Plaintiff last worked on the site on June 14, 2022.

(6) Plaintiff billed Defendant on a regular basis and received a last payment of $100,000 on May 19, 2022. Thereafter, Plaintiff has continued to bill Defendant for the remainder of the outstanding balance of $210,363.70, which amount remains upaid.

(7) A trial by jury is demanded.

Wherefore, Plaintiff, Craig Robertson Construction, Inc., moves for judgment against the Defendant for the sum of $210,363.70, plus interest thereon from May 19, 2022, until paid, and its costs expended and attorney's fees incurred in this action.

CRAIG ROBERTSON CONSTRUCTION, INC.

By_____/s/ R. Creigh Deeds_____
            Counsel

R. Creigh Deeds, Esq.  VSB #23817
R. Creigh Deeds, P.C.
P.O. Drawer D
Hot Springs, VA 24445
(540) 839-2473
(540) 839-6306 fax
Counsel for Plaintiff

Exhibit "A"

# MEMORANDUM OF UNDERSTANDING FOR COMMENCEMENT OF CONSTRUCTION AT RESIDENCE LOCATED AT
## Victoria's Mountain Retreat
## 100 Tower View Road Hot Springs, VA

THIS MEMORANDUM OF UNDERSTANDING is made this 10th day of January, 2019 by and between Victoria's Mountain Retreat C/o Andrew C. Bradley (Owner) and CRAIG ROBERTSON CONSTRUCTION, INC. (Contractor) to provide the contractual basis for the Contractor's commencement of construction at 100 Tower View Road residence located at Hot Spring, Virginia, in accordance with the plans and specifications.

NOW THEREFORE, the parties have agreed as follows:

1. All construction shall be in accordance with the plans and in accordance with applicable statutes, ordinances and codes. The services to be provided by the Contractor and supervision of the project shall be under the personal control and direction of Craig Robertson during the entire term of this agreement.

2. This contract is a cost plus contract. The Contractor estimates that the project cost will not exceed $625,000.00 subject to additions and deletions by Change Orders. The project cost shall mean costs necessary and reasonably incurred in the performance of the work and actually paid by the Contractor, including all costs incurred due to changes and extras not listed on the attached Estimate.

3. Upon completion of each Action Item, Contractor shall make applications for payment pursuant to the draw down schedule as defined in Exhibit A for all labor and costs incurred through the end of the preceding draw down. Upon Summit Bank's visual confirmation of the completed Action Item, the appropriate funds shall be placed into a jointly held account by both Owner and Contractor at Summit Bank.

4. It is understood that necessary permits for commencement of construction shall be obtained by Contractor. Contractor shall diligently pursue construction of the Project in accordance with the Plans without interruption except for inclement weather which would prevent work on the Project.

5. Contractor shall be responsible for overseeing all work on the Project, including that of subcontractors and shall be responsible for all such work. In the event that the work shall not be in accordance with the Plans, Contractor shall correct the work at no additional cost to the Owners. In the event Contractor shall not have remedied defective work within five (5) days of written notification by the Owners or in the event Contractor shall not be pursuing the Project as provided herein, Owners shall have the right to stop the Project.



6. Changes in the Project shall be reduced to writing and included in appropriate change orders approved and signed by both Owners and Contractor (Change Orders).

7. The Contractor shall keep in effect workman's compensation and commercial general liability coverage. The Owners may elect to purchase and maintain their own liability insurance, including builder's risk, fire and casualty insurance upon the residence.

8. The Contractor hereby agrees to hold the Owners harmless and to indemnify the Owners against any and all claims which may arise during the course of the work as a consequence of the negligent acts or deliberate omissions of the Contractor, its agents or employees.

9. All warranties are limited to the implied warranties of habitability and workmanlike construction and are limited to a period of one year from the date of the issuance of a certificate of occupancy by the local building code enforcement authority. This limited warranty is the only express warranty provided by the Contractor.

10. This agreement shall be binding upon the parties and upon their respective heirs, personal representatives and assigns. Neither party may assign this agreement without the prior written consent of the other party. Signatures may be by electronic or facsimile, each of which shall be deemed originals for purposes hereof.

Witness the following signatures and seals as of the date first above written.

_____
Victoria's Mountain Retreat

_____
Craig Robertson Construction, Inc.

## Exhibit A

| Action Item | Anticipated Timeline | Draw Down Amount |
|---|---|---|
| Foundation | 8 weeks | $75,000.00 |
| Rough Framing Dry In | 6 weeks | $100,000.00 |
| Window Installation | 4 weeks | $75,000.00 |
| Roof System | 4 weeks | 75,000.00 |
| Mechanical Rough-In | 8 weeks | 75,000.00 |
| Dry Wall | 4 weeks | $25,000.00 |
| Trim Installation | 8 weeks | 100,000.00 |
| Final Punch-Out (to include exterior cladding & landscaping) | 8 weeks | 100,000.00 |

```
VALIDATE CASE PAPERS
RCPT : 23000000835
DATE : 06/12/2023 TIME: 15:30
CASE : 017CL23000112-00
ACCT : CRAIG ROBERTSON CONSTRUCTION
AMT. : $296.00
```